JAMES B. BELL, Defendant in Error, *vs.* WM. STROW, Garnishee, Plaintiff in Error.

1. *Execution—Garnishment on—Answer of garnishee—Payment of money to clerk, etc.*—The answer of a garnishee on execution alleging payments made to the clerk of the court, unless excepted to will be taken as true and sufficient. (Wagn. Stat., 667, § 19.) If excepted to as not showing conformity with the statute, the defect may be obviated by an amendment bringing it within the requirements of the law, as in certain cases (Wagn. Stat., 665, § 8) payment by the garnishee to the clerk is authorized.

### Error to Livingston Circuit Court.

*W. C. Samuel, W. P. Hall, and M. A. Low,* for Plaintiff in Error.

SHERWOOD, Judge, delivered the opinion of the court.

There is no bill of exceptions in this case, but it is brought here on account of errors which are alleged to be apparent of record.

The record shows that Bell, the plaintiff, recovered judgment against George W. and Philip Swank on the 22nd day of April, 1871, for $992.50; that upon execution issued on such judgment, Wm. Strow was garnished upon the 29th of April, 1871, as the debtor of the judgment defendant.

The answer of the garnishee in substance states that on the 7th day of September, 1870, he bought of Philip Swank certain lands, for the sum of $3,900, $2,000 of which was paid in cash and the notes of the garnishee given for $634, $633 and $633, due respectively April 1st, 1872, April 1st, 1873, and April 1st 1874, each bearing ten per cent. interest from October 1st, 1870; that Swank on the day of purchase executed to garnishee a title-bond, whereby he bound himself, heirs, etc., without delay to perfect his title to the land purchased, and to make and deliver to him a deed with covenants of general warranty; that Swank failed to comply with the conditions of his bond, in not perfecting his title to a portion of the land sold; that the legal title to the same was still outstanding in the heirs of Catherine Swank, deceased, who

claimed their rights in the premises; and they were asked to be made parties; that Swank, at the time of the service of the garnishment, was the holder of the before mentioned notes ; that the garnishee had paid taxes on a portion of the lands bought, and that on the 1st day of April, 1872, he paid into court, to the clerk thereof, one Berry, $729.10 the amount of the note, principal and interest, falling due on that day, taking his receipt therefor to abide the event of the suit, and subject to the order of the court.

This answer was neither excepted to nor denied.

Judgment was rendered on this answer on the 7th day of June, 1873, against the garnishee. This judgment recites, in substance, the allegations of the answer in respect to the purchase of the land and the notes given therefor, etc.; that Franklin P. Swank had interpleaded, and to him had been adjudged $1,400 of the purchase money for said land, together with interest on that sum, from the first day of October, 1870, out of the notes given by the garnishee ; and that the perfecting of the title to the land purchased by the garnishee or the delivery to him of a deed therefor with the usual covenants of warranty, was a condition precedent to the payment of the purchase money. The judgment further recites, that two of the heirs of Catharine Swank, deceased, are entitled to $200 of the purchase money of the land, and the garnishee is ordered to retain that amount in his hands, out of the first note, and also the sum of $2.65 for taxes. The plaintiff is then adjudged to recover from the garnishee the sum of $378.77 with ten per cent. interest, upon the express condition, that the title of Philip Swank is perfected to the land purchased, and a deed in conformity to the title-bond, executed and delivered to the garnishee. The judgment then concludes with an order requiring Berry, late clerk of the court, to pay over to the sheriff, the sum of $729.10, the amount of the first note, paid or deposited with the clerk by the garnishee.

If payment had not been made of the $729.10 to the clerk by the garnishee, his indebtedness of $1,900, with inter-

est thereon at ten per cent. from the first day of October, 1870, would have amounted to $2,409.29. But the court, by requiring him to pay about that sum, evidently treated the payment to the clerk as a nullity; and the order was no doubt made upon the former clerk, in the hope that he might respond to it by paying over the money, rather than in the belief that any legal measures to exact compulsory payment, existed.

Under the circumstances of this case, however, the ruling of the court, which in effect required the garnishee to pay the same sum twice, was unquestionably erroneous.

His answer not having been excepted to or denied, should have been deemed as true and sufficient. (Wagn. Stat., 667, § 19.) Whether the payment to the clerk was valid will not, therefore, be discussed. Had the answer been excepted to, any supposed defects therein might have been obviated by amendment, as in certain cases, detailed in Wagn. Stat., 665, § 8, payment by the garnishee to the clerk is an authorized one.

Judgment reversed and the case remanded; the other judges concur.